UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM XAVIER WATSON, JR.,<br><br>    Plaintiff,<br><br>v.<br><br>DIAZ, ET AL.,<br><br>    Defendants. | Case No. 1:23-cv-01750-EPG<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THE CASE WITHOUT PREJUDICE FOR FAILURE TO EXHAUST<br><br>(ECF No. 1)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS<br><br>AND<br><br>ODER TO ASSIGN A DISTRICT JUDGE |

    William Watson, Jr. is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on December 21, 2023. (ECF No. 1.) Plaintiff alleges a claim of excessive force because an officer claims that he was resisting when he was not, and a claim of retaliation, because he received a "write-up" after filing a grievance. (*Id.* at 3, 4).

    The Court previously reviewed the complaint, and it appeared that Plaintiff failed to exhaust his available administrative remedies before filing suit. Plaintiff appears to admit that the grievance process was available to him, but that he did not complete the process for either of his two claims. (ECF No. 1 at 3, 4.) Therefore, on January 8, 2024, the Court issued an Order to Show Cause, ordering Plaintiff to file a response within thirty days and to explain why this action should not be dismissed for failure to exhaust available administrative remedies. (ECF No. 8). The deadline for filing a response has passed, and Plaintiff has not filed a response.

42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the administrative process, unless "the relevant administrative procedure lacks authority to provide any relief or to take any action whatsoever in response to a complaint." *Booth v. Churner*, 532 U.S. 731, 736, 741 (2001); *Ross v. Blake*, 578 U.S. 632, 639, 642 (2016). Exhaustion of administrative remedies must occur before the filing of the complaint. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002). The Court notes that a dismissal for failure to exhaust is without prejudice. *Id.* While there are no "special circumstances" exceptions to the exhaustion requirement, *Ross*, 578 at 638, "the [administrative] remedies must indeed be 'available' to the prisoner." *Id.* at 639.

Plaintiff's complaint asserts that there were administrative remedies available to Plaintiff, and that while he had filed grievances on the incident before filing the complaint, he had not finished exhausting the available remedies before he filed this case. (ECF No. 1 at 3, 4). On the form Plaintiff used to draft his Complaint, in response to the question "Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?," Plaintiff checked the box that states "Yes." (*Id.* at 3). In response to the next question on the form, "Did you submit a request for administrative relief on Claim I?," Plaintiff checked the box that states "Yes." (*Id.*) However, Plaintiff responded "No" to the question, "Did you appeal your request for relief on Claim I to the highest level?" and stated, "The process hasn't been reviewed yet." (*Id.*) Likewise, for Claim 2, Plaintiff acknowledged that the remedies are available and that he filed a request for administrative relief for Claim 2, but did not appeal it, because the request has "not yet [been] reviewed." (*Id.* at 4).

Moreover, Plaintiff failed to respond to the order directing him to show cause why this case should not be dismissed, without prejudice, for failure to exhaust available administrative remedies. (ECF No. 8.)

Therefore, the Court will recommend dismissing this case for failure to exhaust administrative remedies.

Accordingly, it is **ORDERED**:

The Clerk of Court is directed to assign a district judge to this case.

It is further **RECOMMENDED**:

1. Plaintiff's complaint (ECF No. 1) be dismissed, without prejudice, because Plaintiff failed to exhaust available administrative remedies prior to filing this case;[1]
2. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 21, 2024**                /s/ Erica P. Grosjean
                                             UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff may re-file this action once he has exhausted his available administrative remedies.